CAMDEN SAFE DEPOSIT AND TRUST COMPANY, trustee, complainant-respondent,

*v.*

JOHN H. DIALOGUE, defendant-appellant.

[Argued March 16th, 1909.   Decided March 16th, 1909.]

The general rule that a trustee who files a bill to foreclose a mortgage held by him must make his *cestuis que trust* parties does not apply where they are unknown or are so numerous as to make it impossible, or highly inconvenient, to do so.

On appeal from an order of the court of chancery advised by Vice-Chancellor Garrison.

*Messrs. French & Richards,* for the appellant.

*Mr. George J. Bergen,* for the respondent.

PER CURIAM.

The bill in this case was filed to foreclose a mortgage given by John H. Dialogue to the Camden Safe Deposit and Trust Com-

pany as trustee, to secure the payment of one hundred and eighty-eight bonds of $500 each. The complainant has made the holders of about forty per cent. of these bonds parties to the litigation, and alleges in its bill that the holders of the balance of said bonds are unknown to it, and cannot be ascertained by it, and that it is highly inconvenient or impossible to bring them before the court and make them parties to the proceedings. The defendant demurred to the bill upon two grounds—*first,* "because the holders and owners of all of the bonds are not made parties," and *second,* "because complainant is not entitled to the relief prayed for— a sale of the mortgaged premises."

The learned vice-chancellor before whom the matter was heard advised an order overruling the demurrer. From the order so advised this appeal is taken.

The order will be affirmed. The demurrer admits the truth of the facts stated in the bill. Although, as a general rule, a trustee who files a bill to foreclose a mortgage held by him should make his *cestuis que trust* parties, that rule has its limitations. It is only applicable when the *cestuis que trust* are known, and are not so numerous as to make it impossible, or highly inconvenient, to include them as parties. *Butler* v. *Farry,* 68 *N. J. Eq.* (*2 Robb.*) 760.

The contention that the complainant is not entitled to a decree ordering a sale of the mortgaged premises is, of course, without substance. The holder of a mortgage is, after default, entitled to foreclose the equity of redemption. The order for sale following a decree of foreclosure is in the interest of the owner of the mortgaged premises. It relieves him from the hardship of a strict foreclosure. The second contention of the demurrant could only have substance upon the theory that there was no equity of redemption in him to be foreclosed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL—13.

*For reversal*—None.